1

2

3

4                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
5                            AT SEATTLE

6

7    ACCREDITED HOME LENDERS, INC.

8                           Plaintiff,          No. C07-272MJP

9    v.                                         ORDER REMANDING CASE

10   CITY OF SEATTLE,

11                          Defendant.

12

13         This matter comes before the Court on Defendant City of Seattle's motion for judgment on

14   the pleadings. (Dkt. No. 8.)  The City requests that the Court dismiss Plaintiff Accredited Homes'

15   federal takings and § 1983 claims as unripe and either dismiss or remand Plaintiff's remaining state

16   law takings claims.  Accredited Homes opposes the motion. (Dkt. No. 13.)  Having considered the

17   City's motion, Plaintiff's response, the City's reply (Dkt. No. 15), the City's supplemental

18   memorandum (Dkt. No. 24), and all documents submitted in support thereof, the Court GRANTS IN

19   PART the City's motion and REMANDS Plaintiff's action to King County Superior Court.

20                              **Background**

21         This case involves a small piece of property, referred to as "Lot 7," located at 7233 South

22   Taft Street in Seattle's Rainier Valley.  Plaintiff Accredited Homes acquired Lot 7 on December 3,

23   2004, from one of its defaulting borrowers, Ms. Penny Tobacco. (Compl., Ex. 1.)  Ms. Tobacco

24   owned Lot 7 in conjunction with Lot 8, a lot immediately to the east of Lot 7.  In 2001, Ms. Tobacco

25   obtained a permit from the City to move the house that straddled the lot line between Lot 7 and Lot 8

26   to a completely different lot. (Compl., Ex. 3.)  One year later, Ms. Tobacco obtained a permit to build

ORDER - 1

1   a new house on the same combined building site (straddling Lots 7 & 8). (Compl., Ex. 4.)

2   Nevertheless, Ms. Tobacco moved the original structure onto Lot 7 and built a new house on Lot 8.

3   In moving the original house onto Lot 7, Ms. Tobacco placed the house on supports. (Compl. ¶ 10.)

4   Ms. Tobacco quitclaimed the new Lot 8 house to a third party in December 2002. (Compl., Ex. 5.)

5          Prior to selling Lot 8, Ms. Tobacco requested a preliminary opinion from the City's

6   Department of Planning and Development ("DPD") regarding whether Lot 7 was buildable.  Lot 7 is

7   approximately 3,360 sq. ft. in area, which is less than the 5,000 sq. ft. lot area required for its single-

8   family zoning designation. (Compl., Ex. 10, Ex. G.)  In November 2002, DPD issued a preliminary

9   opinion letter that concluded that Lot 7 did not meet the minimum area requirement and did not meet

10  any of the four possible exceptions to the area requirement. (Id.)  The letter stated that the opinion

11  expressed was a preliminary one and that Ms. Tobacco could challenge the opinion through the

12  administrative code interpretation process. (Id. at 6.) Neither Ms. Tobacco, nor Accredited Homes,

13  pursued any further administrative remedies.  Ms. Tobacco and Accredited Homes also did not seek a

14  variance, which, if granted, would have relieved them from strict compliance with specific code

15  requirements.

16         On May 19, 2005, the City issued a Notice of Violation of the city's vacant building standards

17  to Accredited Homes regarding Lot 7.  The notice indicated that the property was in violation of

18  provisions of the Seattle Municipal Code, and that certain actions needed to be taken by June 26,

19  2005, to bring the property into compliance. (Compl., Ex. 8.)  Accredited Homes did not appeal the

20  notice or take any action to address the violations.[1]

21         On August 23, 2005, the City commenced a code enforcement action against Accredited

22  Homes in Seattle Municipal Court; the City moved for summary judgment and abatement of the

23

24     [1]

25         Accredited Homes suggests that it entered into negotiations with the City after receiving the
    Notice.  But Accredited Homes has offered no evidence to support that assertion.  Likewise,
    Accredited Homes suggests, without any evidentiary support, that the City prohibited it from
26  remedying some of the violations on Lot 7.  Whether Accredited Homes' assertions are correct is
    irrelevant to the disposition of this motion.

ORDER - 2

1   violations on December 5, 2006. (Compl., Ex. 9.)  On January 22, 2007, Accredited Homes filed suit

2   against the City in King County Superior Court, alleging a Fifth Amendment claim, a claim under 42

3   U.S.C. § 1983, and a state inverse condemnation claim. (Compl. at 6.)  On February 21, 2007, the

4   City removed the King County case to this Court. (Dkt. No. 1.)  On April 24, 2007, the City brought

5   this motion to dismiss, arguing that Plaintiff's federal takings claims are not ripe. (Dkt. No. 8.)

6                                        **Discussion**

7   **I.        Standard for Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings**

8           Defendant has brought a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.  Federal

9   Rule 12(c) states: "After the pleadings are closed but within such time as not to delay the trial, any

10  party may move for judgment on the pleadings."  If procedural defects are asserted in a Rule 12(c)

11  motion, the district court will apply the same standards for granting the appropriate relief or denying

12  the motion as it would have employed had the motion been brought prior to the defendant's answer

13  under Rules 12(b)(1), 12(b)(6), 12(b)(7), or 12(f). See 5C Charles Alan Wright & Arthur R. Miller,

14  Federal Practice and Procedure § 1367, at 218 (3d ed. 2004).

15          Federal Rule 12(b)(1) allows a party to raise the defense that the court lacks jurisdiction over

16  the subject matter of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either

17  attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence

18  of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs., 594 F.2d 730, 733

19  (9th Cir. 1979).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in

20  fact, no presumption of truthfulness attaches to plaintiff's allegations. Id.  "[T]he district court is not

21  restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony,

22  to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850

23  F.2d 558, 560 (9th Cir. 1988). The burden of proof on such a Rule 12(b)(1) motion is on the party

24  asserting jurisdiction. Thornhill Publ'g, 594 F.2d at 733.

25

26

ORDER - 3

1    **II.    Ripeness**

2          Defendant moves to dismiss Plaintiff's Fifth Amendment and § 1983 claims as unripe.  Under

3    clear Supreme Court precedent, a federal takings claim is not ripe until two prerequisites are met: (1)

4    the takings plaintiff has obtained a "final decision" regarding the development potential of her

5    property; and (2) the takings plaintiff has been denied just compensation by the state.  <u>Williamson</u>

6    <u>County Regional Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 186, 194 (1985).  Defendant

7    argues that Accredited Homes' action is premature under both prongs of the <u>Williamson County</u> test.

8          **A.    Just Compensation**

9          The City argues that Plaintiff's federal claims are not ripe because Plaintiff has not been

10   denied compensation under state law.  <u>See</u> <u>Williamson County</u>, 473 U.S. at 194.  "[I]f a state provides

11   an adequate procedure for seeking just compensation, the property owner cannot claim a violation of

12   the Just Compensation Clause until it has used the procedure and been denied just compensation."  <u>Id.</u>

13   Washington has an adequate procedure for reimbursement for the taking of property.  <u>Macri v. King</u>

14   <u>County</u>, 126 F.3d 1125, 1129 (9th Cir. 1997) (citing <u>Guimont v. Clarke</u>, 121 Wn.2d 586, 594

15   (1993)).  Accredited Homes has not yet used the Washington procedure because the City removed

16   this case before it was able to do so.  Thus, Accredited Home's Fifth Amendment claim is not ripe.

17   <u>See</u> <u>Macri</u>, 126 F.3d at 1129.  Because Plaintiff's § 1983 claim is based on violations of the Fifth

18   Amendment,[2] that claim is also unripe.

19         Plaintiff argues that <u>Williamson County</u> and <u>Macri</u> do not apply in this case because the

20   Washington constitution provides stronger takings protections than the federal constitution.

21   Specifically, Plaintiff points to the fact that the Washington constitution requires just compensation

22   <u>before</u> any property is taken, whereas the federal constitution does not require a pre-payment to avoid

23   a taking.  Plaintiff's argument flies in the face of <u>Macri</u>, a Ninth Circuit case addressing Washington

24   _____

     2

25         Although Plaintiff's complaint does not specify the federal law basis for the § 1983 claim, the
     Court assumes that Plaintiff's § 1983 claim is based on the City's alleged violation of the Fifth
26   Amendment.  Plaintiff's complaint states no other federal law, the violation of which would serve as
     a basis for a § 1983 claim.

ORDER - 4

1   takings law and applying the <u>Williamson County</u> ripeness test.  <u>Macri</u> is directly on point.  This Court

2   has no authority to disregard on-point Ninth Circuit and Supreme Court precedent.  <u>Macri</u> and

3   <u>Williamson County</u> control here.

4        Defendant requests that the Court dismiss Plaintiff's federal claims.  Although the Court may

5   dismiss those claims as unripe, <u>see</u> <u>Macri</u>, 126 F.3d at 1129, the Court may also remand for lack of

6   subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

7   that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Remand is

8   appropriate in light of a recent Supreme Court case, <u>San Remo Hotel v. City and County of San</u>

9   <u>Francisco</u>, 545 U.S. 323 (2005).  Before <u>San Remo</u>, courts, like <u>Macri</u>, held that a federal takings

10  claim need not be remanded with the corollary state inverse condemnation claim because "the failure

11  of a plaintiff to raise a federal takings claim in state court does not preclude that plaintiff from

12  bringing a subsequent federal takings claim in federal court." <u>Macri</u>, 126 F.3d at 1130.  But in <u>San</u>

13  <u>Remo</u>, the Supreme Court held that ordinary preclusion rules apply to state court inverse

14  condemnation judgments even when a takings case is forced into state court by the <u>Williamson</u>

15  <u>County</u> compensation-ripeness rule. <u>San Remo</u>, 545 U.S. at 346-47.  Thus, under <u>San Remo</u>, the

16  failure to simultaneously pursue federal claims in state court with the state inverse condemnation

17  claims may preclude a plaintiff from later pursuing her federal claims in federal court.  As another

18  district court recently concluded, "[g]iven the holding of <u>San Remo</u>, it is more appropriate, in the

19  interest of fairness, to remand Plaintiffs' takings claims along with Plaintiffs' state inverse

20  condemnation claims so that Plaintiffs may pursue those claims simultaneously." <u>Doney v. Pacific</u>

21  <u>County</u>, C07-5123RJB, 2007 U.S. Dist. LEXIS 34071, at *17 (W.D. Wash. May 9, 2007).

22       The Court concludes that remand of Plaintiff's federal claims is appropriate.  Thus, the Court

23  REMANDS Plaintiff's Fifth Amendment takings and § 1983 claims to King County Superior Court.

24  In addition, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state

25  claim.  A court may remand pendent claims when "in exceptional circumstances, there are other

26  compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).  Where declining jurisdiction

ORDER - 5

1   "best accommodates the values of economy, convenience, fairness, and comity," the Court may

2   decline supplemental jurisdiction under subsection (c)(4). <u>Executive Software N. Am. v. U.S. Dist.</u>

3   <u>Court</u>, 24 F.3d 1545, 1557 (9th Cir. 1994).  That is undoubtedly the case here.  Because the state

4   court has jurisdiction over all of Plaintiff's claims and because Plaintiff's state claim must be decided

5   under state law, it makes sense from comity, judicial economy, and convenience standpoints for that

6   court to consider all of Plaintiff's claims concurrently.[3]  Moreover, Plaintiff has expressed

7   ambivalence as to whether this Court retains jurisdiction over the state law claim, and Defendant has

8   requested remand or dismissal of the state law claim.  Thus, remand of Plaintiff's state inverse

9   condemnation claim is also fair.

10          **B.      Final Decision**

11          Because the Court concludes that Plaintiff's federal claims are unripe under the "just

12   compensation" prong of the <u>Williamson County</u> ripeness test, the Court need not consider whether

13   Plaintiff's claims are also unripe under the "final decision" prong.

14                          **Conclusion**

15          Because the state court has not yet ruled on Plaintiff's state inverse condemnation claim,

16   Plaintiff's Fifth Amendment and § 1983 claims are not ripe.  Thus, the Court GRANTS IN PART

17   Defendant's motion for judgment on the pleadings and REMANDS Plaintiff's federal claims.  The

18   Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and therefore

19   REMANDS that claim as well.

20          Dated this 2nd day of July, 2007.

21                                          Marsha J. Pechman
                                            United States District Judge
22

23

---

24      [3]

25          The Court notes that, in terms of the "just compensation" prong of the <u>Williamson</u>
    <u>County</u> ripeness test, Plaintiff's complaint was ripe as filed in King County Superior Court.
    It only became unripe upon removal.  Although the removal was technically proper, the
26   City has wasted precious judicial resources by removing this case to federal court and then
    immediately moving to dismiss on ripeness grounds.

ORDER - 6